DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtors*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

| | |
|---|---|
| | Chapter 11 |
| F & O SCARSDALE LLC | Case Nos. 20-22808 |
| LUXURY DINING GROUP LLC | 20-22809 |
| FIG & OLIVE HOLDING LLC | 20-22810 |
| FIG & OLIVE USA INC. | 20-22811 |
| F&O LEXINGTON LLC | 20-22812 |
| FIG & OLIVE THIRTEEN STREET LLC | 20-22813 |
| FIG & OLIVE FIFTH AVENUE LLC | 20-22814 |
| F&O HOUSTON LLC | 20-22815 |
| F&O NEWPORT BEACH LLC | 20-22816 |
| F&O MELROSE PLACE INC. | 20-22817 |
| F&O LOS ANGELES INC., | 20-22818 |

Debtors.
-----------------------------------------------------------------X

**MOTION OF THE DEBTORS PURSUANT TO RULE 1015(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
FOR ENTRY OF AN ORDER DIRECTING THE JOINT
ADMINISTRATION OF THE CHAPTER 11 CASES FOR
<u>PROCEDURAL PURPOSES ONLY</u>**

The above captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), by their proposed attorneys, Davidoff Hutcher & Citron LLP, file this motion (the "Motion") for an entry of an order directing the joint administration of the above captioned Chapter 11 cases, respectfully state and represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On July 3, 2020, the date hereof, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors are commonly owned companies with substantially the same ownership structure. An organizational chart including each of the Debtors is annexed hereto as Exhibit "A".

5. The Debtors, other than its co-debtor parent and holding companies, operate 10 restaurants under the tradename "Fig & Olive" throughout New York, Texas, Chicago and California.

6. Despite the fact that the Debtors have separate operations, books and records, the Debtors, due to their capital structure, the Debtors are commonly and centrally capitalized and managed from their offices in New York City.

7. The Debtors' chapter 11 filings were precipitated by certain accumulated losses and a series of employment related litigations, with their situation exacerbated by the COVID-19 crisis, forcing each of the restaurants to temporarily close. The Debtors believe that if they are permitted a reasonable opportunity to reorganize their affairs, existing management, with the

continued funding assistance of its founder Guillaume Fonkenell, who will work in concert and unison with the Debtors' management team, will determine which of the Debtors' restaurants are most viable, attempt to effectuate a projected increase in future revenues and profits, once operations are restored, which will permit the Debtors to accumulate revenues and permit the Debtors to formulate a plan of reorganization within a reasonable amount of time.

## RELIEF REQUESTED

8. In order to provide for the most efficient administration of the Chapter 11 cases, as well as to carry out and properly administer the Debtors' bankruptcy proceedings, by this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Rule 1015(b) authorizing the joint administration, for procedural purposes only, under the case number assigned to F&O Scarsdale LLC.

## JOINT ADMINISTRATION OF THESE CASES IS WARRANTED

9. Bankruptcy Rule 1015(b) provides, "[i]f… two or more petitions are pending in the same court by or against …a debtor and an affiliate, the court may order a joint administration of the estates." See Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

10. For the reasons set forth above, many of the motions, hearings and orders that will arise in the Chapter 11 cases will jointly affect both Debtors. By jointly administering the Chapter 11 cases, the Debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

11. The Debtors will continue to operate as separate and distinct legal entities and

shall continue to maintain separate books and records as set forth above, consistent with their pre-petition practices.

12. Entry of an order directing the joint administration of the Chapter 11 cases will avoid duplicative notices, applications, and orders, thereby saving the Debtors considerable time and expense. The rights of the creditors will not be adversely affected as this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. The rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of the Chapter 11 cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Eastern District of New York will be simplified.

13. Accordingly, the Debtors request that the caption of the Chapter 11 cases be modified to reflect the joint administration of such cases, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
In re:

F&O SCARSDALE LLC, ET Al.,[1]                    Lead Case No. 20-22808
                                                  (Jointly Administered)

                          Debtors.
--------------------------------------------------------------------- X

---

[1] *Jointly administered with Luxury Dining Group LLC, Fig & Olive Holding LLC, Fig & Olive USA Inc., F&O Lexington LLC, Fig & Olive Thirteen Street LLC, Fig & Olive Fifth Avenue LLC, F&O Houston LLC, F&O Newport Beach LLC, F&O Melrose Place Inc. and F&O Los Angeles Inc.*

14. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors to reflect the joint administration of these cases:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases commenced by F&O Scarsdale LLC, Et Al. The docket in Case No. 20-22808 should be consulted for all matters affecting the above listed cases."

## NOTICE

15. Notice of this Application has been provided to (i) Office of the United States Trustee; (ii) the Debtors' thirty (30) largest unsecured creditors; and (iii) parties who have filed notices of appearance. The Debtors submit that said notice is adequate and proper.

## CONCLUSION

16. No previous application for the relief herein requested has been made to this or any other Court.

17. For all of the foregoing reasons, the Debtors respectfully request entry of an order, substantially in the form annexed hereto **as Exhibit "B"**.

**WHEREFORE,** the Debtors respectfully requests the Court to enter an order substantially in the form annexed hereto as Exhibit B directing the joint administration of the Chapter 11 cases under the case number assigned to F&O Scarsdale LLC and granting such other and further relief as may be just and proper.

Dated:  New York, New York
　　　　July 3, 2020

>　　　　　　　　　　　　　　　　　DAVIDOFF HUTCHER & CITRON LLP
>　　　　　　　　　　　　　　　　　*Proposed Attorneys for the Debtors*
>　　　　　　　　　　　　　　　　　605 Third Avenue
>　　　　　　　　　　　　　　　　　New York, New York 10158
>　　　　　　　　　　　　　　　　　(212) 557-7200
>
>
>　　　　　　　　　　　　　　　　　By:*/s/ Robert L. Rattet*
>　　　　　　　　　　　　　　　　　　　Robert L. Rattet

6